CERVANTES et al. v. CHAPA et al.

No. 9245.

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1934.

Rehearing Denied Feb. 21, 1934.

Abney & Whitelaw, of Brownsville, for appellant.

Greenwood & Lewis, of Harlingen, for appellees.

SMITH, Justice.

This action was brought by Mildred McAllen Chapa, joined pro forma by her husband, Pedro A. Chapa, against Mrs. Amelia W. Cervantes and John M. Young, receiver of the defunct Merchants' National Bank of Brownsville. The object of the suit was to set aside a judgment previously obtained for Mrs. Cervantes against the Chapas and canceling a deed of trust lien held for the former against the homestead of the latter and foreclosed in said judgment. The Chapas recovered as prayed for, and Mrs. Cervantes and the receiver have appealed.

It was alleged by appellees, and the jury found upon sufficient evidence, that in November, 1929, Pedro Chapa, individually, owed Mrs. Cervantes a note for approximately $2,900, and that the latter was harassing Chapa and his wife by unwarranted threats and insults against the latter, and conspired with certain officers of said bank to fraudulently induce Mrs. Chapa to execute a note to the bank to cover said debt and secure the same by a deed of trust upon her separate property, upon which she thereupon agreed to relinquish existing homestead rights; that the consideration for her acts in the premises was the agreement and representation that the bank would lend said sum to the Chapas, who would be thereby relieved of all obligation to Mrs. Cervantes, who would have no further hold upon them; that said obligation would pass to the bank and be held and extended and modified by that institution; that all of said representations were false and fraudulently made by the conspirators to obtain for Mrs. Cervantes the obligation of Mrs. Chapa and a lien upon her separate property and the community homestead; that, in continuation of the conspiracy, and by similar false representations, the conspirators fraudulently obtained renewals of said obligation and lien, and finally an agreed judgment for the amount of said note and foreclosure of said lien. It was further shown, and the jury so found, that all said representations and promises were falsely made for the fraudulent purpose aforesaid; that in truth the bank did not lend said money to appellees, but obtained and carried said note and lien for Mrs. Cervantes, and obtained said judgment and foreclosure for her benefit and use; that, as soon as appellees acquired knowledge of the true facts, or could have acquired such knowledge in the exercise of proper diligence, they brought this suit to set aside said judgment and cancel said note and lien in so far as the same affected the separate liability and estate and homestead rights of Mrs. Chapa. The case was tried by jury, who found all the facts of the case, elicited through twenty-one special issues, in favor of the Chapas.

 The case is essentially one of fact, all the issues of which were submitted to the jury, in even unnecessary detail, and were resolved in like detail against appellants, who have not assigned error against any specific finding. Those findings are therefore binding upon this court. We conclude that the pleadings of appellees were good as against the general demurrer, that the evidence supported the findings made in accordance with the pleadings, and that the findings support the judgment, which is affirmed.